[No. 7906.]

## Bailey v. Williams.

1. Justice of the Peace—*Change of Venue*—Where the defendant, in due season, files the affidavit of prejudice specified in the statute (Rev. Stat. Sec. 3859) and tenders the fee for the change of venue, the justice loses all jurisdiction, save to transfer and certify the cause, according to the statute. If the justice, denying the application, entertains the cause, and proceeds to judgment, the defendant may quit the court, and appealing from the judgment to the county court, may, upon special appearance, cause the action to be dismissed.

2. Appearance—*Special*—*Effect*—A stipulation to set the case for trial, signed by plaintiff's counsel and an attorney who had no authority to represent the defendant, was filed without the knowledge or consent of defendant or her attorney. A special appearance and motion to strike such stipulation from the files, held not to confer jurisdiction upon the court to try the case.

*Error to the Routt County Court.*—Hon. Charles A. Morning, Judge.

Mr. Arthur L. Wessels, for plaintiff in error.

Mr. Ernest W. Norlin, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

This action was commenced before a justice of the peace. The Session Laws of 1903, at page 301, provide that previous to the commencement of any trial before a justice of the peace, the defendant may make oath that it is his belief that he cannot have a fair and impartial trial before such justice, whereupon it shall be the duty of the justice, upon payment of his fees for such change of venue only, to immediately transmit all papers and documents belonging to the suit, to the next nearest justice of the peace, who shall proceed as if the suit had been instituted before him.

On the day of the trial, the defendant, plaintiff in error, appeared and filed this statutory affidavit, and asked for a change of venue, tendering the fees for the

change. The application was denied, whereupon defendant left the justice's office and took no further part in the proceedings. The justice rendered a judgment against her, and she appealed the case to the county court, where she entered a special appearance for that purpose only, and moved to have it dismissed upon the ground that the justice of the peace was without jurisdiction to render any judgment after she filed a motion for a change of venue, and that the county court had no further or other jurisdiction than the justice from whom the appeal was taken. The counsel who represented her in the justice court, was not authorized to appear for her in the county court, she having employed other counsel to represent her there. A stipulation was filed in the county court signed by plaintiff's counsel, and the attorney who represented defendant in the justice court, setting the case for trial. Neither the defendant, nor the counsel who represented her in the county court had any knowledge of this stipulation until after it was filed, and the attorney who signed it on her behalf was without authority to represent her. As soon as her counsel in the county court learned of its existence, he appeared specially and moved to strike it from the files, which motion was granted. Defendant's motion in the county court to dismiss the action was denied, she refused to further appear, judgment was entered against her and she brings the case here on error.

2. When plaintiff in error filed her affidavit asking for a change of venue, and tendered the statutory fees for the change only, the justice was without further jurisdiction in the matter except to transfer the case to the next nearest qualified justice as provided by the statute. On appeal to the county court, the motion of plaintiff in error, who appeared specially for that purpose only, to dismiss the action, should have been sustained. *Otero County v. Hoffmire,* 9 Colo. App. 526, 49 Pac. 375.

It is argued by defendant in error that defendant appeared generally in the county court, thereby conferring jurisdiction upon the court. An examination of the record does not sustain this contention. Nothing was done by plaintiff in error that could be construed to be a general appearance, unless it was the stipulation filed in the county court agreeing that the case might be set down for trial; but as it appears that this was filed without authority, and the defendant, without entering a general appearance, caused it to be stricken from the files, it cannot be construed to be such an appearance as would confer jurisdiction upon the court to try the case.

The cause will be reversed and remanded with directions to the lower court to dismiss the action.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.